**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1679

EVELYN LOKENYE ITOE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A78-39-925)

Argued: September 19, 2005          Decided: November 16, 2005

Before SHEDD, Circuit Judge, HAMILTON, Senior Circuit Judge, and Joseph R. GOODWIN, United States District Judge for the Southern District of West Virginia, sitting by designation.

Petition for review granted by unpublished per curiam opinion.

**ARGUED:** Danielle L. C. Beach-Oswald, NOTO & OSWALD, Washington, D.C., for Petitioner. James Eugene Grimes, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent. **ON BRIEF:** Robert L. Oswald, NOTO & OSWALD, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Donald E. Keener, Deputy Director, Francis W. Fraser, Senior Litigation Counsel, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Evelyn L. Itoe petitions for review of the Board of Immigration Appeals' (the Board) affirmance, without opinion, of the Immigration Judge's (IJ) denial of her applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. Because we conclude that the IJ failed to sufficiently consider Itoe's positive evidence of her alleged past torture on account of her political opinion, we grant Itoe's petition for review and remand her applications to the Board for further review.

I.

Itoe, a citizen of Cameroon, alleges that she was an active member of the Southern Cameroon National Council (SCNC) and was affiliated with other groups seeking to promote democratic reform and to establish an independent nation for English speaking people in southern Cameroon. Itoe claims that she was imprisoned and tortured for her political activities by Cameroon officials on three separate occasions. First, she claims that in 1994 she was arrested by police, detained for twelve hours, and severely beaten about her entire body with clubs when she refused to provide information about her political activities. Next, Itoe asserts that she was arrested again in 1997 following her participation in a protest against the government. She claims she was imprisoned

3

for ten days and beaten with belts over her entire body each day of her captivity. Last, Itoe alleges that she was arrested in August 2000 and held for seven days for protesting the government's detention of one of the main leaders of the SCNC. She asserts that she was repeatedly beaten while her hands were tied behind her back and she was suspended by a rope. Itoe also claims that she was hospitalized after her 1997 and 2000 imprisonments.

In 1998, Itoe was introduced to and began a relationship by telephone with Richard Farmer, a United States citizen. Itoe visited friends in the United States on a visitor's visa in February and March 2000, but she did not see Farmer during her stay. After her final arrest in Cameroon in August 2000, Itoe returned to the United States and met Farmer in person for the first time in November 2000. Itoe married Farmer the next month, and they lived together in Farmer's home in Ohio. They applied for adjustment of immigration status for Itoe based on their marriage. Farmer and Itoe lived together only for a short while before they separated, and Itoe moved to Georgia to live with friends.

Farmer and Itoe were scheduled to be interviewed by immigration officials in late August 2001 relating to their adjustment of status application. Itoe rejoined Farmer in Ohio shortly before their scheduled interview. During the interview, Farmer was questioned separately and admitted that his marriage to

Itoe was fraudulent. Since the interview, Farmer and Itoe have not seen each other.

Two months later, Itoe applied for asylum, withholding of removal, and protection under the Torture Convention. In support of her applications, Itoe submitted, among other things, medical records purporting to substantiate the hospital care she received for her injuries incurred during her imprisonments in 1997 and 2000, State Department reports describing the activities of the SCNC and the Cameroon government's serious abuses of political freedom, and letters from her mother and friend informing her that the government was still searching for her and was continuing to punish and even kill political protestors.

The IJ denied Itoe's applications for relief, finding that she failed to sustain her burden of proof because of her "total lack of credibility." J.A. 31. The IJ further concluded that Itoe "was never arrested or detained on" the three occasions that she claimed she was severely beaten. J.A. 25. Instead, the IJ determined that Itoe, "in a desperate attempt to avoid removal from the United States, has created a set of facts which, if true, would have accorded the opportunity to be granted asylum." Id. The Board affirmed the judgment of the IJ without opinion. Itoe now petitions for review of the Board's denial of her applications.

Itoe argues that the IJ erroneously ignored much of her independent evidence showing that she suffered past persecution. We agree.

Because the Board affirmed the IJ's ruling without opinion, the IJ's decision becomes the final agency decision for purposes of our review. Khattak v. Ashcroft, 332 F.3d 250, 253 (4th Cir. 2003). Although we grant broad deference to an IJ's credibility findings that are supported by substantial evidence, an IJ who rejects an applicant's positive evidence because he believes it lacks credibility should offer a specific and cogent reason for disbelieving the evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).[1]

The Attorney General has the discretion to admit into the United States an applicant for asylum if the applicant establishes that she is unwilling to return to her native country because of past persecution or a well-founded fear of future persecution on account of, among other things, her political opinion. Id. at 367. If the asylum applicant establishes the requisite past persecution, a rebuttable presumption arises that she has a sufficient level of fear of future persecution. Id. Although an unfavorable credibility finding will generally defeat an asylum application

---

[1] Itoe asserts that Camara is directly on point, and we agree that it substantially controls our disposition of this case. The government failed to even mention Camara in its brief.

based on a well-founded fear of future persecution, see Rusu v. INS, 296 F.3d 316, 323 (4th Cir. 2002), a claim based on past persecution will not necessarily meet the same fate because an applicant who demonstrates that she suffered past persecution is presumed to have the requisite level of fear of future persecution. Camara, 378 F.3d at 369-70; 8 C.F.R. § 208.13(b)(1).

Itoe produced substantial direct and circumstantial evidence that she suffered past persecution by the Cameroon government on account of her political activities. The IJ did not address Itoe's hospital records, the State Department reports verifying the abuses by the Cameroon government against political dissenters, the letters from her mother and friend attesting that the police were still attempting to find and arrest her, and other evidence suggesting that Itoe suffered past persecution. Instead, the IJ determined -- based primarily on his conclusion that Itoe's marriage was fraudulent -- that Itoe necessarily lied about her alleged arrests and torture and that none of the three incidents actually occurred.

We conclude that the IJ erred by failing to provide a specific and cogent reason for discounting Itoe's positive evidence of her alleged past persecution. See Camara, 378 F.3d at 370-71 (ruling that IJ erred by overlooking evidence of past persecution based on an adverse credibility determination). Although there may be sufficient evidence supporting the IJ's finding that Itoe lacked

7

credibility,[2] that finding alone does not adequately address the specific evidence proffered by Itoe showing that she was persecuted by the Cameroon government on account of her political beliefs.

## III.

Because the IJ erroneously ignored Itoe's positive evidence of her past persecution, we grant Itoe's petition for review and remand her applications[3] to the Board for reassignment to a different IJ for further review.  See Camara, 378 F.3d at 372.

PETITION FOR REVIEW GRANTED

---

[2]In determining that Itoe's marriage was fraudulent, the IJ relied on documents and reports not included in the Joint Appendix. Thus, we decline to determine whether the IJ's credibility finding is supported by substantial evidence.

[3]In addition to her application for asylum, Itoe's applications for withholding of removal and for protection under the Torture Convention are also remanded for further review.  See Camara, 378 F.3d at 370-72.

8